■ CAROLINE KILEY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61507.)—In a claim to recover property damages for trespass and negligence predicated on defendant's failure to properly maintain its salt stockpiles, with the alleged result that the claimant's well water became contaminated, defendant appeals from a judgment of the Court of Claims, entered August 27, 1979, which, after a nonjury trial, is in favor of the claimant. Judgment affirmed, with costs. The preponderance of evidence, particularly the testimony of the claimant's two experts, supports the inference that the salt pollution which contaminated the claimant's well was caused by the failure of the State to properly maintain its salt stockpiles. (See *Meehan v State of New York*, 95 Misc 2d 678.) Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.

■ KOURI'S, INC., Appellant, v IMPEX CORPORATION (HAKIMIAN COMPANY DIVISION), Respondent.—In an action, *inter alia,* to recover for work, labor and services rendered, plaintiff appeals from a judgment of the Supreme Court, Dutchess County, entered June 4, 1979, which, after a nonjury trial, dismissed the complaint and awarded defendant the principal sum of $16,875 on its counterclaim. Judgment modified, on the facts, by reducing the principal amount of the award in defendant's favor to $14,215.50. As so modified, judgment affirmed, without costs or disbursements, and action remitted to Trial Term for entry of an appropriate amended judgment. While Trial Term's admission of certain of defendant's exhibits as business records may have been error, we conclude that even without consideration of those exhibits the credible evidence clearly established that plaintiff damaged defendant's rugs in processing them. As to the amount of loss caused thereby, an examination of the testimonial and documentary proof shows that only $14,215.50 of the damages were established. We have reduced the judgment accordingly. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.