■ EDWARD G. SELLNOW, JR., as Administrator of the Estate of VIRGINIA SELLNOW, Deceased, Respondent-Appellant, v MARGARET O'DONNELL et al., Respondents, and NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent, et al., Defendant. — Cross appeals (1) from a judgment of the Supreme Court in favor of plaintiff, entered January 15, 1980 in Albany County, upon a verdict rendered at Trial Term (Cholakis, J.); (2) from an order of said court, entered March 7, 1980 in Albany County, which granted plaintiff's motion for leave to serve an amended complaint; and (3) from an order of said court, entered March 7, 1980 in Albany County, which denied defendants Margaret O'Donnell and Niagara Mohawk Power Corporation's posttrial motions to set aside the verdict as against the weight of the evidence. Plaintiff's decedent, employed part time as a school crossing guard at the Voorheesville Elementary School, died as a result of being struck by an automobile driven by Jane B. O'Donnell, then 16 years of age. The accident occurred on February 1, 1977 at approximately 3:15 P.M. when the O'Donnell vehicle slid across New York Route 85A into the school driveway striking the decedent Virginia Sellnow, dragging her back across and down the road. She died some hours later, apparently without regaining consciousness. The O'Donnell vehicle was being driven with the express permission and consent of the parent-owner, and under the supervision of the infant driver's mother, Margaret O'Donnell, a passenger in the vehicle. Trial of the within action resulted in a judgment in favor of plaintiff in the sum of $70,000 for the wrongful death of decedent against the O'Donnells and Niagara Mohawk Power Corporation. Liability was apportioned 60% to the O'Donnells and 40% to the power corporation. The jury found no cause of action for conscious pain and suffering. The actions against the other defendants had been previously dismissed by the trial court. The primary issue on this appeal concerns the liability of Niagara Mohawk Power Corporation. It is plaintiff's contention that this defendant, as an abutting owner, was negligent in the way that it excavated and altered the natural terrain and contour of adjacent land when it constructed a power substation on its property next to the highway in such a manner that flowing water from a driveway on its property was deposited upon the highway causing the icy condition to form that was a proximate cause of decedent's death. There are serious issues both as to plaintiff's theory of liability and the sufficiency of the proof presented at trial. The general rule is that an owner of land is liable for injuries caused when he alters the natural surface of the land so as to collect water thereon and then discharges it upon the land of another at a place or location other than where it would naturally flow and in larger quantities than would normally exist *(Tremblay v Harmony Mills,* 171 NY 598; *Laduca v Draves,* 145 App Div 159). From the evidence presented, the jury could find that defendant Niagara Mohawk excavated a hillside and refilled portions of land at the construction site of its substation. Expert testimony demonstrated that percolating water collecting at one end of the excavation site could have reasonably flowed down and across a constructed driveway and onto the pavement of the highway. Moreover, an eyewitness and an investigating officer both testified that an isolated ice spot was present on the highway in front of Niagara Mohawk's driveway where the O'Donnell vehicle initially swerved across the highway. This evidence, coupled with the expert testimony describing weather conditions and the apparent water course down the drive-

way and across a culvert to the edge of the highway, presented sufficient evidence from which a jury could reasonably conclude that the ice upon the highway was caused by water from this defendant's property and from a violation of its duty of due care in the construction and maintenance of its property (see *Wragge v Lizza Asphalt Constr. Co.*, 17 NY2d 313). Viewing the proof before the jury in the light most favorable to the successful party, as we must do *(Matter of Kornblum Metals Co. v Intsel Corp.*, 38 NY2d 376, 379), there was sufficient credible evidence to support a verdict in favor of plaintiff against Niagara Mohawk Power Corporation. Accordingly, the trial court properly refused to set aside the verdict as against the weight of the evidence *(Mann v Hunt,* 283 App Div 140). Additionally, we perceive no abuse of discretion in permitting service of plaintiff's amended, though belated, complaint, as defendant's rights were fully protected. Finally, the trial court did not err in its rulings on evidentiary matters and, specifically, in its rulings on the admissibility of expert and other testimony concerning the condition of Niagara Mohawk's property. The charge to the jury was complete and proper. The verdict of the jury and its apportionment of liability were within its province and supported by the evidence. Judgment and orders affirmed, with costs to plaintiff against Niagara Mohawk Power Corporation. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.