THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. BASILICATO, Appellant.

Third Department, December 29, 1983

APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey* (*James F. Downs* of counsel), for appellant.

*Sol Greenberg, District Attorney* (*John P. M. Wappett* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Defendant's plea of guilty followed the denial of his motion to have certain tape recordings of intercepted communications suppressed. On this appeal, defendant contends principally that the trial court erred in failing to suppress the communications. He also argues that the indeterminate sentence of one to four years on each of the gambling counts and a definite one-year sentence on conspiracy, the sentences to run concurrently, were unduly harsh and excessive.

▇ The intercepted communications were obtained pursuant to an eavesdropping warrant issued by the Albany County Court on May 19, 1981 on a specified telephone number. The warrant was supported by the affidavits of two Albany detectives which averred that a confidential informant told one of the detectives that certain described premises were being used by a codefendant for illegal gambling activities. The detectives checked the phone number and had the informant dial it on May 7, 1981 at about 7:00 P.M., and they listened on another line while the informant placed a bet. This procedure was repeated on May 12. One of the detectives swore that before, during and after these calls, he placed the premises under personal surveillance and saw this codefendant enter and remain therein while these calls were being made. Contrary to defendant's claim, the police activity as set forth in the supporting affidavits showed independent observation

and confirmation of details of the informant's statement (see *People v Hanlon,* 36 NY2d 549, 556) which confirmed criminal activity in respect to the activity itself and the persons allegedly conducting the activity (see *People v Gnozzo,* 31 NY2d 134, 140). Furthermore, the affidavit of Detective Milham stated that he knew from his experience that the interception of a single conversation would not result in sufficient evidence of defendant's criminal activities, thereby showing the issuing court that under CPL 700.15 (subd 4), normal investigative procedures appeared to be unlikely to succeed (see *People v Versace,* 73 AD2d 304, 308). Therefore, the eavesdropping warrant was issued on what we consider to be sufficient grounds.

█ Following issuance of the warrant, more than 30 hours of conversation were recorded. Defendant contends that by installing the recording device in the telephone itself, the officers knew that the recording device would be converted from a "wiretap" to a "bug" when defendant, as was done here on June 1, 1981, removed the phone from its cradle to prevent incoming calls from interrupting his and his codefendant's personal conversations. In defendant's view, the conversations thus recorded were not within the area of interception authorized by the warrant. In this regard, it must be emphasized that the police did not cause the situation. Since the police had the authorization to install the wiretap in the phone in the manner in which they did, they cannot be faulted when it was defendant who removed the phone from its cradle and thus converted the "tap" to a listening device or "bug" (see *People v Di Stefano,* 38 NY2d 640, 648-649).

█ On June 23, 1981, the eavesdropping warrant expired, the recording device was removed, and the necessary paperwork for the storage and sealing of the tapes was commenced. The tapes were locked in the Colonie Police Department evidence locker until June 25, 1981, when the paperwork was completed and the tapes were delivered to the District Attorney, who was unsuccessful in his attempt to contact Judge Harris on June 26. The District Attorney kept the tapes until June 29, the first date on which he was able to contact Judge Harris, who issued a sealing order. The tapes were then entrusted to the Colonie Police De-

partment. Thereafter, they were unsealed only for presentation to the Grand Jury and on two other occasions to give defense counsel an opportunity to examine them. The suppression court found, and we agree, that this six-day delay in sealing should be excused in view of the satisfactory explanation for the delay offered by the People (compare *People v Edelstein,* 54 NY2d 306 with *People v Washington,* 46 NY2d 116). The suppression court further found that good cause was shown and that no prejudice to defendant resulted from the People's failure to serve defendant with copies of the eavesdropping warrant and accompanying application within 15 days of arraignment. The court found the delay to be insignificant under the circumstances and permissible because good cause and lack of prejudice were shown, as required by CPL 700.70, when the 15-day period had been exceeded. We agree.

We further find no abuse of the trial court's discretion in imposing the sentence that it did in view of defendant's four prior gambling misdemeanor offense convictions.

Lastly, defendant's constitutional right to a speedy trial has not been shown to have been violated (see *People v Watts,* 57 NY2d 299, 302-303), and his statutory right under CPL 30.20 was waived by his plea of guilty (*People v Thill,* 52 NY2d 1020). The judgment of conviction should be affirmed.

SWEENEY, J. P., MAIN, MIKOLL and LEVINE, JJ., concur.

Judgment affirmed.