■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY F. PONTORE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 27, 1982, convicting defendant upon his plea of guilty of the crimes of promoting gambling in the first degree (two counts) and conspiracy in the fifth degree (one count). ¶ On this appeal, defendant argues that the trial court erroneously denied his motion to suppress certain tape-recorded conversations made on the grounds that: (1) there was a lack of probable cause to issue the eavesdropping warrant; (2) a six-day delay in sealing the warrant violated CPL 700.50 (subd 2); (3) the police knew the "wiretap" would become an improper "bug" when the intercepted telephone was "left off the hook"; and (4) there was a failure to timely deliver to defendant a copy of the eavesdropping warrant and application as required by CPL 700.70. Defendant also contends that his sentence to a term of five years' probation with the first 60 days to be served in the county jail was excessive. ¶ The suppression issues raised herein were previously discussed by this court and decided in the People's favor in the case involving the trial of defendant's codefendant (*People v Basilicato*, 98 AD2d 124), and that decision controls here. Moreover, defendant failed to object to the delay in the delivery of a copy of the eavesdropping warrant and its supporting papers and, thus, that issue is not preserved as a matter of law for our review (*People v Tutt*, 38 NY2d 1011). ¶ Defendant's argument that his sentence was unduly harsh and excessive is rejected. The judgment of conviction should be affirmed. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ ROBINWOOD MASON, INC., Appellant, v MICHAEL A. PASTORE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered April 15, 1983 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint. ¶ Order affirmed, with costs (*Kossoff v Rathgeb-Walsh, Inc.*, 3 NY2d 583). Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.