■ GRACE ARCHAMBAULT et al., Appellants, v HENRY KNOST et al., Respondents.—Levine, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), in favor of defendants, entered November 12, 1986 in Albany County, upon a dismissal of the complaint at the close of plaintiffs' case.

Plaintiffs and defendants are adjoining landowners in the Town of Colonie, Albany County, whose properties run generally from north to south, abutting Van Heusen Street in front and Prescott Street to the rear. Plaintiffs brought the instant action for damages and injunctive relief, allegedly arising out of past and continued damage to an undeveloped area at the rear of their land from the flow and collection of surface water caused by defendants' acts on their own property.

The primary issue on appeal is whether Supreme Court correctly dismissed plaintiffs' action at the end of plaintiffs' case. Plaintiffs' evidence may be summarized as follows. Plaintiffs and their daughter testified that prior to 1978, the land at the rear of their property was damp in the spring of the year but drier in summer and until winter snowfalls, and was completely usable. Plaintiffs' property was slightly elevated from defendants' adjoining land. In 1978, defendants deposited and spread a large quantity of fill in the rear area of their land, which reversed the relative elevation of the two properties. When plaintiff Grace Archambault protested that this was causing water to accumulate, defendant Henry Knost replied that he had "soaked up the water for the people up the street for 30 years and he figured if he filled his property, the people up the street could take care of their own water problems". In 1981 defendants again added large quantities of fill to the same area, which they explained was for the purpose of eliminating dandelions and mosquitoes. Plaintiffs' geological expert examined and drew a topographical map of the adjoining properties. He testified that, prior to defendants' changes, the natural contour of the land at the rear of both properties formed, in effect, a wide basin for the flow of surface waters from the north, east and west, which was drawn off in a southeasterly direction through an historic

drainage ditch. At the time of examination, water on plaintiffs' property was inadequately drained because defendants' additional fill, raising the level of their land some three feet, reduced the size of the natural basin to only the portion thereof that lies on plaintiffs' land and because the 1981 extension of Prescott Street at the rear of both parcels blocked or otherwise reduced the effectiveness of the existing drainage ditch. The result of these factors is that plaintiffs' land in the area affected has become swampy, inhospitable to trees and normal vegetation, and unusable. At this point, plaintiffs rested, subject to the possible submission of real estate appraisal evidence showing diminution of value.

In our view, Supreme Court was correct in granting defendants' motion to dismiss the complaint after the completion of plaintiffs' proof. The New York rule, as enunciated in *Kossoff v Rathgeb-Walsh* (3 NY2d 583, 588-590), is that a landowner is not liable for damages to abutting property for the flow of surface water due to improvements to his land, provided that the improvements are made in good faith to fit the property to some rational use and that the water is not drained into the other property by means of pipes and ditches *(see also, Robinwood Mason v Pastore,* 101 AD2d 914, *appeal dismissed* 63 NY2d 1034; *Musumeci v State of New York,* 43 AD2d 288, 290-291, *lv denied* 34 NY2d 517). Plaintiffs, as a necessary condition to recovery, had to prove not only that surface water was diverted to their property by defendants' improvements, and resulting damages but also either that artificial means were used by defendants or that the improvements causing the diversion of water were *not made in a bona fide attempt to enhance the usefulness of their property.* Since these were necessary alternative elements of plaintiffs' causes of action, the negative or nonexistence thereof was not an affirmative defense to be pleaded or proved by defendants *(Fleming v Long Is. R. R.,* 59 NY2d 895, 897; *Beece v Guardian Life Ins. Co.,* 110 AD2d 865, 867). There was no evidence of defendants' use of pipes or drains, and the only evidence of defendants' purpose in making the improvements, from their contemporaneous statements already described, are entirely consistent with good faith.

Plaintiffs also appeal from the order and judgment insofar as it fails to include the terms of a stipulation, placed upon the record in chambers, disposing of plaintiffs' fifth cause of action regarding an alleged encroachment of defendants' driveway upon plaintiffs' property. The stipulation withdrew that cause of action in exchange for defendants' agreement to

remove and remediate the encroachment. The stipulation was complete by its own terms, and met all the formal requisites for an effective stipulation of settlement of plaintiffs' claim in that cause of action *(see,* CPLR 2104; *Bernstein v Salvatore,* 62 AD2d 945, 946). However, the stipulation does not contain any agreement for or consent to the entry of judgment for the agreed-upon relief or the imposition of costs thereon *(cf., Baecher v Baecher,* 95 AD2d 841, 842). Therefore, plaintiffs were not entitled to have it included in the order and judgment, but are relegated to their remedies of moving or suing for enforcement if defendants fail to comply with their obligations thereunder *(see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2104.06).

Order and judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.