■ ARLENE DIRIENZO, Respondent, v STATE OF NEW YORK, Appellant.—Harvey, J. Appeal from a judgment in favor of

claimant, entered July 22, 1991, upon a decision of the Court of Claims (Lyons, J.).

On December 5, 1985, while working to hook up a trailer which was to be towed away from the north parking lot of property owned by La Falce Holding Company, doing business as JP's North (hereinafter JP's North), claimant slipped on a patch of ice and fell to the ground, breaking her ankle. This property was located alongside State Route 32 in Greene County. Claimant thereafter brought this claim to recover for her injuries, alleging that the patch of ice she slipped on was caused by negligently constructed culverts and ditches under and alongside Route 32 that allowed water to build up and form ice. Following joinder of issue, a trial was held in September 1990. Following the submission of all evidence and testimony, the Court of Claims found the State to be 40% liable and awarded claimant damages in the sum of $5,720 for economic loss and $28,400 for noneconomic loss. This appeal by the State followed.

We affirm. Contrary to the State's contentions on appeal, we conclude that the Court of Claims did not err in finding the State partially liable for injuries caused by the negligent discharge of water from a State highway onto private property. The law is well settled that an owner of property may not collect surface water into channels and discharge it onto another's property (see, Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 52; Kossoff v Rathgeb-Walsh, 3 NY2d 583; Musumeci v State of New York, 43 AD2d 288, 290-291, lv denied 34 NY2d 517). Here, the testimony at trial clearly established that the State collected surface water from the vicinity of Route 32 and discharged it onto private property. It was also shown that claimant was injured when she slipped on a patch of that discharged frozen surface water.

While the parties' experts disputed at trial the question of whether Route 32 was properly designed according to the standards prevailing in 1928 when the highway was constructed, we find nothing improper in the Court of Claims' decision to credit the testimony of claimant's expert in this regard. Additionally, the State's claim that it is immune from liability for its actions in this case is wholly devoid of merit (see, Musumeci v State of New York, supra, at 292). The State's remaining arguments have been considered and rejected. The evidence establishes that the Court of Claims was correct in refusing to find a prescriptive easement in favor of the State

for the discharge of water onto the private property where claimant's injury occurred.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.