■ Roy Fetter et al., Respondents, v Herbert DeCamp et al., Appellants, et al., Defendants. [600 NYS2d 340] —Mahoney, J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 15, 1992 in Schenectady County, which denied a motion by defendants Herbert DeCamp and Jane DeCamp for summary judgment dismissing the complaint against them.

This lawsuit sounding in negligence and nuisance seeks damages for personal injury arising from the contamination of two residential drinking water wells with fecal material which allegedly emanated from a neighboring septic tank. A review of the record establishes that in 1977, defendants Herbert DeCamp and Jane DeCamp (hereinafter collectively referred to as defendants) purchased a home on Spring Road in the

with the former may also be received into evidence with regard to the latter *(see, People v Grant,* 192 AD2d 798).

Town of Duanesburg, Schenectady County. Plaintiffs, Roy Fetter, Barbara Fetter, Victor Plominski and Anne Plominski, owned homes across the street. Shortly after purchase, the septic system in place on the property defendants purchased failed and they hired defendant Brian K. Cridland to install a new one. The system was installed in September 1978 and by all accounts appeared to work properly; defendants saw no evidence of leakage or odor from the system and never received any complaints about it. Defendants sold the property to defendant Randy Winner in July 1985.

Approximately 16 months *after* the sale to Winner, the Fetters and the Plominskis learned that their well water contained fecal contamination and claimed that a June 1987 dye test revealed the source of the contamination to be the septic tank on defendants' former property. Shortly thereafter, each commenced a separate action against defendants, Winner and Cridland. Following joinder of issue, subsequent consolidation and the completion of discovery, defendants moved for summary judgment dismissing the complaint against them arguing that their liability ceased upon transfer of ownership or, alternatively, that if the system was in fact defective, they lacked the requisite actual or constructive notice of the defect. Supreme Court denied the motion, concluding that issues of fact existed with regard to whether defendants were negligent in hiring Cridland and whether they had knowledge of the system's faults. Defendants appeal.

Initially, we reject defendants' contention that they cannot be held liable simply because they no longer own the property. While it is true that in general a landowner's liability to third persons for the condition of real property ceases upon transfer of possession and control *(see, Young v Hanson,* 179 AD2d 978; Restatement [Second] of Torts § 372), that general rule is subject to exception in cases where the former owner has "created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, location, disrepair or otherwise" (Restatement [Second] of Torts § 373 [1]; *cf., Schumacher v Richards Shear Co.,* 59 NY2d 239, 246; *New York Tel. Co. v Mobil Oil Corp.,* 99 AD2d 185, 189-190). Because it is obvious that an improperly designed and installed septic system can present an unreasonable risk of harm to others, especially where the water source for the properties in the immediate area are private wells which draw from subterranean streams or percolating water, there can be little doubt that to the extent

plaintiffs can prove that defendants' actions relative to the septic system were negligent or satisfied the requisite elements of a nuisance, they can recover against defendants.

With regard to this subject, because of the often unknown courses of subterranean streams or the channel of percolating water, the rule has evolved that for negligence liability to ensue in cases involving the pollution of underground waters, the plaintiff must demonstrate that the defendant failed to exercise due care in conducting the allegedly polluting activity or in installing the allegedly polluting device, and that he or she knew or should have known that such conduct could result in the contamination of the plaintiff's well *(see, Phillips v Sun Oil Co.,* 307 NY 328; *Dillon v Acme Oil Co.,* 49 Hun 565; *Meehan v State of New York,* 95 Misc 2d 678; *Thompson v Board of Educ.,* 124 Misc 840; *Elsey v Adirondack & St. Lawrence R. R. Co.,* 97 Misc 273; *cf., Kiley v State of New York,* 74 AD2d 917). Moreover, to the extent that the landowner did not personally design, construct or install the offending structure but entrusted it to a carefully selected independent contractor, liability will only ensue if, after completion of the work, he or she knows or could, by the exercise of reasonable care, discover its dangerous character *(see,* Restatement [Second] of Torts § 364, comments *c, d).*

Here, it is clear from a reading of the record that defendants did not design or install the system. Additionally, even setting aside the fact that negligent hiring was not pleaded in plaintiffs' complaints, absolutely no evidence was submitted regarding the care, or lack of it, that defendants exercised in hiring Cridland. As such, defendants' liability hinges upon whether the system was defective and, if so, whether they knew or should have known of its defects. While cognizant of the fact that issues such as this are factual in nature and thus generally inappropriate for resolution on a summary judgment motion, in these particular circumstances we are persuaded that summary judgment is warranted. In support of their motion, defendants presented deposition testimony from Herbert DeCamp. DeCamp testified that he knew little about septic systems and contacted Cridland, who had been recommended by his mortgage lender, when the interior plumbing was draining sluggishly. He further indicated that while his land was located slightly uphill from plaintiffs', the new system was installed in the same place as the old one (which evidently discharged no contaminants into plaintiffs' water supply). Following installation, the new system appeared to work well; DeCamp noticed no seepage, leakage or odor and

did not receive any complaints from neighbors about it at any time during the period of his ownership.

In opposition, absolutely no competent evidence was submitted to establish that the septic system was defective, let alone that defendants knew or could have discovered any defects. While an inference can be drawn that a septic system which is the source of fecal contamination to a neighboring well likely is in some manner defective, here no admissible evidence was submitted connecting the fecal contamination in plaintiffs' wells to defendants' septic system. The only evidence presented in this regard was hearsay testimony contained in Roy Fetter's deposition that a dye was placed in defendants' septic system by Town of Duanesburg officials, that he thereafter took several samples of his water to a laboratory and was advised that the dye was present in the water. By his own admission, Fetter was unaware if a dye had been put into any other septic system at the time. Moreover, absolutely no evidence was submitted establishing contamination of the Plominskis' well or its source. In addition, counsel for one of defendants conceded in his opposition papers, which papers were adopted by plaintiffs, that it was unknown whether the septic system, as designed, met Town regulations or whether it was installed in accordance with the design. In sum, because, as previously noted, defendants' liability hinges upon their knowledge or ability to ascertain defects in the system and plaintiffs' papers are devoid of any evidentiary proof in admissible form that there even was a defect, we are constrained to conclude, on this record, that defendants are entitled to summary judgment dismissing the complaint against them.*

As a final matter, even accepting the hearsay allegations contained in an attorney's affirmation submitted by counsel for one of the remaining defendants that a building permit was required for this job and that defendants and Cridland failed to obtain one, because there is no evidence that the system, as installed, did not conform to the requirements of the building code, it is difficult to see how this dereliction creates a triable issue of fact as to defendants' liability.

Weiss, P. J., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted,

---

* Because the nuisance claims are based upon defendants' alleged negligence, and in view of our conclusion that proof of negligence is lacking here, these claims also are subject to dismissal (cf., Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569).

summary judgment awarded to defendants Herbert DeCamp and Jane DeCamp, and complaint dismissed against them.