(March 31, 1994)

■ CATHERINE OSGOOD, Respondent, v ERNESTINE BUCKING-REDDY, Appellant. [609 NYS2d 690] —Weiss, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered November 8, 1991 in Chenango County, upon a decision of the court in favor of plaintiff.

Following a bench trial, Supreme Court found that defendant had altered the topography of her land to create ponds and had constructed and modified a ditch along her division line with plaintiff's adjoining lower property, which changes resulted in the diversion of surface waters onto plaintiff's property causing flooding and erosion. The court further found that defendant also constructed a fence more than 10 feet in height separating the properties which is unsightly from viewpoints on plaintiff's land. The complaint in this action sought $1,125 as money damages from the erosion and for trespass upon her property, removal of the fence, punitive damages and counsel fees. Supreme Court found that the

fence was not unlawful and dismissed the causes based thereon, and also dismissed the claims for punitive damages and counsel fees. The court did, however, grant judgment requiring defendant to pay for the excavation of a ditch to channel water across plaintiff's property and to protect against the return of run-off water, and awarded plaintiff damages of $1,125 for the erosion.

On this appeal, defendant contends that Supreme Court's decision is contrary to the weight of the evidence. We disagree and affirm. "A landowner * * * will not be liable for damages to abutting property for the flow of surface water resulting from improvements * * * 'provided * * * that the improvements are made in good faith to fit the property to some rational use to which it is adapted, and that the water is not drained into the other property by means of pipes or ditches' " *(Cottrell v Hermon,* 170 AD2d 910, *lv denied* 78 NY2d 853, quoting *Kossoff v Rathgeb-Walsh,* 3 NY2d 583, 589-590; *see, DiRienzo v State of New York,* 187 AD2d 879, 880). Here, credible testimony by plaintiff established that defendant directed a drainage ditch toward her property causing erosion. The flow of water from defendant's property caused a continuation of the ditch across plaintiff's property. Plaintiff's testimony also established that along another side of her lot, defendant built a retaining dam which caused the drainage water to back up across her property.

We find ample basis in this record to sustain Supreme Court's resolution of conflicting testimony, particularly because the court had the advantage of viewing the witnesses and weighing the credibility of each *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Saulpaugh v State of New York,* 132 AD2d 781, 782). We also note that Supreme Court directly viewed the subject property.

Cardona, P. J., Crew III and White, JJ., concur.

Mercure, J. (dissenting). I respectfully dissent. On the claim for damages resulting from the diversion of water onto plaintiff's property, it was plaintiff's burden to "establish that the improvements on the defendant's land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property" *(Cottrell v Hermon,* 170 AD2d 910, 911, *lv denied* 78 NY2d 853; *see, Archambault v Knost,* 132 AD2d 909). "[I]t is ancient and still authoritative law" that the owner of an upper heritage has the right

to have surface waters carried off his land provided, if left alone, they would not have drained elsewhere *(Buffalo Sewer Auth. v Town of Cheektowaga,* 20 NY2d 47, 52). Despite the deference to be afforded Supreme Court's findings of fact *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499), I conclude that plaintiff failed to prove either that defendant artificially diverted surface water onto her land or that she was damaged by any such diversion.

Initially, uncontroverted evidence established that it was the natural contour of land, and not any improvements made by defendant, that caused the diversion of water onto plaintiff's land, and the record reveals a good-faith intention in undertaking the improvements in any event. Even were this not so, it remains that plaintiff has failed to establish that defendant's actions caused a discharge of water onto her land in larger quantities than would normally exist *(see, Sellnow v O'Donnell,* 84 AD2d 589; *see also, Tremblay v Harmony Mills,* 171 NY 598, 601; *Laduca v Draves,* 145 App Div 159). Although plaintiff testified that some erosion has occurred, whether the erosion was caused by an increase in water resulting from improvements on defendant's property is a matter of conjecture.

For the aforementioned reasons, I would reverse so much of the judgment as granted relief in favor of plaintiff and dismiss the complaint in its entirety.

Ordered that the judgment is affirmed, without costs.