[639 NYS2d 183]

RAFAELA MARRERO et al., Respondents, v GIUSEPPE MARSICO et al., Defendants, and MAR-FELD BUILDING CORPORATION, Appellant.

Third Department, March 14, 1996

## APPEARANCES OF COUNSEL

*Hugh A. Scott,* New Windsor *(Neil J. Toomey* of counsel), for appellant.

*Brophy & Laub,* White Plains *(Alfred C. Laub* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff commenced this action in August 1992 to recover damages arising out of personal injuries sustained by plaintiff Rafaela Marrero in December 1990, when she slipped and fell on some ice. According to plaintiffs, the slippery condition was caused by the accumulation of water on their driveway due to the negligence of the various defendants, including defendant Mar-Feld Building Corporation. Mar-Feld constructed a house in 1988 on property adjacent to plaintiffs' property. During the course of the construction, a trench was dug near plaintiffs' property for the installation of a water line. After the water line was installed, the trench was backfilled and subsequently reseeded. According to plaintiffs, they first saw water running onto their property and accumulating on their driveway in the spring of 1989.

In support of its motion for summary judgment, Mar-Feld contends instead that (1) plaintiffs' action is barred by the Statute of Limitations (CPLR 214) because it was not commenced within three years of Mar-Feld's alleged negligence, (2) Mar-Feld's liability for the condition of its land ceased in 1988 when it transferred title to the property or within a reasonable time thereafter, and (3) New York does not recognize a cause of action for damages based upon water runoff.

■ Our analysis begins by recognizing that plaintiffs do not seek to impose liability on Mar-Feld for the breach of its duty as a landowner to exercise reasonable care in the maintenance of its property. Rather, plaintiffs seek to recover damages for Mar-Feld's negligence in the performance of its work as the contractor in the construction of the house on property adjacent to plaintiffs' property. Accordingly, we conclude that plaintiffs' cause of action accrued when the personal injuries were sustained, not when the dangerous condition was first created by Mar-Feld's negligent construction work (*see, Gile v Sears, Roebuck & Co.*, 281 App Div 95, 96-97; *see also, Cubito v Kreisberg*, 69 AD2d 738, 742-746, *affd* 51 NY2d 900).

■ As to Mar-Feld's second argument, it is the general rule that "liability for dangerous conditions on land does not extend to a prior owner of the premises * * * [except that] liability may be imposed where a dangerous condition existed at the time of the conveyance and the new owner has not had a rea-

sonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp.*, 77 NY2d 896, 898). Thus, the passage of a reasonable time since the transfer of title can insulate a former landowner from liability for a dangerous condition that existed at the time of the conveyance (*see, Turrisi v Ponderosa, Inc.*, 179 AD2d 956; *Govel v Lio*, 120 AD2d 840). As previously noted, however, plaintiffs seek to impose liability not merely because Mar-Feld was a former owner of the land, but also because Mar-Feld, acting in its role as the contractor in the construction of the house, affirmatively created the dangerous condition on plaintiffs' property. Mar-Feld's liability for the creation of the dangerous condition during its construction work is not dependent upon its status as the owner of the property (*see, Phillips v Seril*, 209 AD2d 496). It follows, therefore, that Mar-Feld's conveyance of the property cannot relieve it of its independent liability for creating the dangerous condition during the construction work.

■ Mar-Feld's third argument is based upon the general rule that a landowner in this State is not liable for damages to abutting property for the flow of surface water which results from improvements to his land, provided he has acted in good faith to adapt his property to some rational use and has not used artificial means to drain the water onto the other property (*see, e.g., Cottrell v Hermon*, 170 AD2d 910, *lv denied* 78 NY2d 853). The rule is based upon an analysis of the competing *property* interests of the landowners (*see, Kossoff v Rathgeb-Walsh, Inc.*, 3 NY2d 583), and it does not appear that the rule has ever been applied to preclude recovery of damages in a personal injury action (*but cf., DiRienzo v State of New York*, 187 AD2d 879). Rather, the general rule in a personal injury action is that a landowner "is liable for injuries caused when he alters the natural surface of the land so as to collect water thereon and then discharges it upon the land of another at a place or location other than where it would naturally flow and in larger quantities than would normally exist" (*Sellnow v O'Donnell*, 84 AD2d 589). The alteration in this case is similar to that in *Sellnow* and based on the evidence in the record, it cannot be said as a matter of law that Mar-Feld is not liable for the personal injuries allegedly caused by its construction work.

CARDONA, P. J., MERCURE, CREW III and WHITE, JJ., concur.

Ordered that the order is affirmed, with costs.