NINA MIDDLETON et al., Appellants-Respondents, v WILLIAM D. DOVALE, SR., et al., Respondents-Appellants, and ROBERT DOVALE, Respondent. [771 NYS2d 538]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated December 2, 2002, as granted the motion of the defendant Robert Dovale for summary judgment dismissing the complaint insofar as asserted against him and denied that branch of their cross motion which was to compel the deposition of nonparty witness Paul J. Angelides, and the defendants William D. Dovale, Sr., and William Dovale, Jr., cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants William D. Dovale, Sr., and William Dovale, Jr., which was for summary judgment dismissing the complaint insofar as asserted against William D. Dovale, Sr., and substituting therefor a provision granting that branch of that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiffs' contentions, the Supreme Court

properly granted the motion of the defendant Robert Dovale, the current owner of the subject premises, for summary judgment dismissing the complaint insofar as asserted against him, as he established that he had no actual or constructive notice of the dangerous condition which caused the deck to collapse (*see Leach v Town of Yorktown*, 251 AD2d 630 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the current owner's actual or constructive notice of the dangerous condition (*see Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]).

The Supreme Court also correctly denied that branch of the motion of the defendants William D. Dovale, Sr., and William Dovale, Jr., which was for summary judgment dismissing the complaint insofar as asserted against William Dovale, Jr. Generally, liability for a dangerous condition may not be extended to a former owner of real property (*see Pharm v Lituchy*, 283 NY 130, 132 [1940]; *Matthews v Tobias*, 260 AD2d 608 [1999]). In opposition to the prima facie showing of entitlement to summary judgment made by William Dovale, Jr., however, the plaintiffs demonstrated the existence of issues of fact as to the potential liability of this defendant insofar as he performed work on the deck, and may have created the dangerous condition during the period he owned the subject premises (*see Marrero v Marsico*, 218 AD2d 226 [1996]; *see also Sarfowaa v Claflin Apts.*, 284 AD2d 228 [2001]; *Brown v O'Connor*, 193 AD2d 1088 [1993]). However, William D. Dovale, Sr., established his freedom from liability as a matter of law, and the plaintiffs failed to overcome this showing. Consequently, that branch of that motion which was for summary judgment dismissing the complaint insofar as asserted against William D. Dovale, Sr., should have been granted.

Finally, the plaintiffs failed to demonstrate the existence of special circumstances as to permit them to depose the nonparty Paul J. Angelies, the expert witness of the defendant Robert Dovale (*see* CPLR 3101 [d] [1] [iii]; *Vogel v Benwil Indus.*, 267 AD2d 230 [1999]). Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.