JOHN COYNE, Appellant, v TALLEYRAND PARTNERS, L.P., et al., Respondents. [802 NYS2d 513]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered August 24, 2004, which granted the motion of the defendants Labriola Nursery & Florists and L&L Gardens, Inc., inter alia, for summary judgment dismissing the complaint insofar as asserted against them,

granted that branch of the separate motion of the defendants EQR-Talleyrand, LLC, Capreit Woodcrest Village Limited Partnership, ERP Operating Limited Partnership, Equity Residential Trust, Equity Residential Properties Trust, and Equity Residential Properties Management Corporation which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the separate motion of the defendants Talleyrand Partners, L.P., Talleyrand Associates, LLC, Cappelli Enterprises, Inc., and Summit Property Management, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

In the early morning of January 8, 2002, the plaintiff allegedly was injured when he slipped and fell on an icy landing and stairway outside his second-floor residence at Talleyrand Crescent Apartments in Tarrytown. The apartment complex was owned by the defendant EQR-Talleyrand, LLC, and managed by the defendant Equity Residential Properties Management Corporation, was previously owned by the defendant Talleyrand Partners, L.P., and was previously managed by the defendant Summit Property Management, Inc. The defendant L&L Gardens, Inc., was retained as a snow removal contractor.

The Supreme Court granted the motion of the defendants Labriola Nursery & Florists and L & L Gardens, Inc. (hereinafter the Labriola defendants) to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or, alternatively, for summary judgment dismissing the complaint insofar as asserted against them, as well as that branch of the separate motion of the defendants EQR-Talleyrand, LLC, Capreit Woodcrest Village Limited Partnership, ERP Operating Limited Partnership, Equity Residential Trust, Equity Residential Properties Trust, and Equity Residential Properties Management Corporation (hereinafter the Equity defendants) which was for summary judgment insofar as asserted against them, and the separate motion of the defendants Talleyrand Partners, L.P., Talleyrand Associates, LLC, Cappelli Enterprises, Inc., and Summit Property Management, Inc. (hereinafter the Talleyrand defendants) for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

At his deposition, the plaintiff testified that sleet fell late in the afternoon on the day before the accident, that sleet or hail was falling when he went to sleep that night, and that sleet or ice was still falling on the morning of the accident. Under these circumstances, the Equity defendants and the Labriola defen-

dants established their prima facie entitlement to judgment as a matter of law under the "storm in progress" rule (*Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.

As to the Labriola defendants, the plaintiff tendered no evidence that the snow removal contractor either created the icy condition or owed a duty to him (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). In any event, as noted above, even if a duty was shown to exist, the Labriola defendants successfully established their entitlement to judgment as a matter of law under the "storm in progress" rule (*see Parker v Rust Plant Servs., Inc.*, 9 AD3d 671 [2004]).

The Talleyrand defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence that they did not own the premises on the day of the accident (*see Abbott v City of New York*, 207 AD2d 853, 854 [1994]), and that the alleged dangerous condition did not exist during their period of ownership. The plaintiff's contention that the accident was caused, inter alia, by the absence of a gutter on the roof above the landing is unsupported by any competent evidence, and rests instead on the conclusory, unsubstantiated, and speculative affidavit of his expert, which was insufficient to raise a triable issue of fact (*see Picerno v New York City Tr. Auth.*, 4 AD3d 349, 350 [2004]). Moreover, the record is devoid of evidence establishing that the accumulation of water or ice on the landing was a recurring condition due to a defect in the design or construction of the premises (*cf. Mondello v DiStefano*, 16 AD3d 637 [2005]; *Marrero v Marsico*, 218 AD2d 226 [1996]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.