■ Frank J. Fizzinoglia et al., Plaintiffs, v Town of Austerlitz et al., Defendants, and Dorothy Bakker, Defendant and

---

Third-Party Plaintiff-Appellant. ASBJORN LUNDE, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Third-Party Action.) [943 NYS2d 267]—

Rose, J.P. Appeals from an order of the Supreme Court (McGrath, J.), entered February 3, 2011 in Columbia County, which granted third-party defendant Asbjorn Lunde's motion for summary judgment dismissing the third-party complaints against him.

Plaintiffs own a parcel of property containing a seven-acre pond on Dugway Road in the Town of Austerlitz, Columbia County. Directly across Dugway Road from plaintiffs' property are three parcels of property that are accessed by a private road known as Blueberry Lane. Defendant Dorothy Bakker owns Blueberry Lane. Defendants Charles W. Schroth and Carolyn F. Schroth, along with Bakker and defendants Jonathan R. Stotts and Shannon E. Stotts, are responsible for maintenance of Blueberry Lane. Plaintiffs commenced this action in 2007 for trespass, nuisance and negligence against these neighboring property owners and defendant Town of Austerlitz, as well as its Highway Department, alleging that, in 2005, defendants constructed and maintained culverts, trenches and drainage ditches under Dugway Road and in the vicinity of Blueberry Lane that caused water and debris to contaminate their pond. As relevant here, Bakker and the Schroths (hereinafter collectively referred to as third-party plaintiffs) commenced third-party actions for contribution against the previous owner of their parcels, third-party defendant Asbjorn Lunde, alleging that plaintiffs' damages, if any, were caused by Lunde's negligence in the design and construction of Blueberry Lane and the storm water runoff system. Following joinder of issue and discovery, Lunde moved for summary judgment dismissing the third-party complaints against him, alleging, among other things, that he did not retain any obligation to maintain Blueberry Lane after third-party plaintiffs took title to their parcels in 2003. Lunde also argued that the Town's approval of Blueberry Lane as part of his subdivision plan established the lack of any negligence in the design or construction of the road. According to Lunde, in the absence of any viable negligence claim, third-party plaintiffs' claims were based on breach of contract and were extinguished by virtue of the merger doctrine when title passed. Supreme Court rejected third-party plaintiffs' arguments that their claims sounded in negligence, and granted Lunde's motion based on the merger doctrine.

Third-party plaintiffs appeal, arguing that the merger doc-

trine is inapplicable because their claims are based on the alleged negligent design and construction of the roadway and drainage system. They argue that Lunde failed to establish either that he was not responsible for the design and construction of Blueberry Lane or that he was not negligent. Based on our review of the record, we agree. Lunde offered no evidence as to who designed or constructed the road, merely stating in his affidavit in support of the motion for summary judgment that, in connection with the subdivision of his property, "Blueberry Lane was constructed." Although Lunde now relies on a 2003 storm water design report he obtained, the one-page excerpt of that report in the record was not submitted in support of the motion for summary judgment but, instead, was submitted in opposition to the motion and reflects nothing more than an assessment of the storm water flows for the proposed culvert locations for Blueberry Lane. It does not establish that the preparer of the report was the designer of the road and its drainage system. Furthermore, other than his bare assertions, Lunde offers no proof that the Town Engineer and Highway Superintendent reviewed and approved the construction of the road. The subdivision map approved by the Town's Planning Board merely confirms the Town's requirement that the road had to conform to the applicable standards for design and construction, but does not establish that the road was in such compliance.

In the absence of any proof that he was not responsible for the design and construction of the road, Lunde's reliance on *Fetter v DeCamp* (195 AD2d 771 [1993]) is misplaced. Pursuant to *Fetter*, a former landowner may be held liable where he or she " 'created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan [or] construction' " (*Fetter v DeCamp*, 195 AD2d at 772, quoting Restatement [Second] of Torts: Negligence § 373 [1]; *see Marrero v Marsico*, 218 AD2d 226, 229 [1996]). As Lunde failed to establish his lack of responsibility for the design and construction of Blueberry Lane, or that it conformed to the applicable standards, he failed to establish his entitlement to summary judgment dismissing the third-party claims for contribution based on negligence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Quinn v Depew*, 63 AD3d 1425, 1428 [2009]).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.