■ EUGENIA SMILOWITZ, Appellant, v GCA SERVICE GROUP, INC., Respondent. [957 NYS2d 391]—

The plaintiff alleged that she slipped and fell on snow and ice as she was entering her place of employment in St. John Hall, on the campus of St. John's University. The defendant was under contract with the University to maintain the grounds, which included snow removal work. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

Under the "storm in progress rule," neither a landlord nor a snow removal contractor will be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter (*Weller v Paul*, 91

AD3d 945, 947 [2012] [internal quotation marks omitted]; *see Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627 [2005]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by producing evidence that the accident occurred while a snow storm either was in progress or had just stopped (*see Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff tendered no evidence that the defendant either created or exacerbated the alleged icy condition that she slipped on (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142-143 [2002]; *Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627 [2005]). Contrary to the plaintiff's contention, the speculation of the defendant's former employee, who had been employed as a porter for the defendant, that when round salt mixes with frozen rain "it's a little bit slippery," did not raise a triable issue of fact as to whether the defendant's snow removal efforts created or exacerbated a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 142). By merely undertaking snow removal, as required by contract, the defendant cannot be said "to have created or exacerbated a dangerous condition" (*id*. at 142). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.