Tomei v Town of Riverhead (2019 NY Slip Op 05711)





Tomei v Town of Riverhead


2019 NY Slip Op 05711


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04294
 (Index No. 19882/10)

[*1]Nicholas Tomei, appellant, 
v
Town of Riverhead, et al., defendants, Froehlich Farm Corporation, respondent.


Rosenberg & Gluck, LLP, Holtsville, NY (Matthew H. Bligh and Megan MacKenzie of counsel), for appellant.
Jeffrey Samel, New York, NY (Robert G. Spevack of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated February 15, 2017. The order granted the motion of the defendant Froehlich Farm Corporation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when, due to flooding of the roadway, he lost control of the automobile he was operating and struck a tree. The defendant Froehlich Farm Corporation (hereinafter Froehlich) is the owner of the property abutting the roadway where the accident occurred. The plaintiff alleged that Froehlich constructed a berm on its property, which diverted rainwater runoff onto the roadway, causing the roadway to flood. In the order appealed from, the Supreme Court granted Froehlich's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"The general rule is that an owner of land is liable for injuries caused when he [or she] alters the natural surface of the land so as to collect water thereon and then discharges it upon the land of another at a place or location other than where it would naturally flow and in larger quantities than would normally exist" (Sellnow v O'Donnell, 84 AD2d 589, 589). If water from private property is permitted to flow by artificial means onto an abutting public street where it creates a dangerous condition on that public street, the private landowner may be held liable to a person injured as a result of that dangerous condition (see Cebron v Tuncoglu, 109 AD3d 631).
Froehlich established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it through the affidavit and deposition testimony of its president, stating that Froehlich did not construct the berm which is alleged to have diverted water onto the abutting roadway, and that the berm existed at the time that the property was purchased by Froehlich.
In opposition, the plaintiff failed to raise a triable issue of fact. The photographic evidence does not support the plaintiff's claim that Froehlich constructed the berm. The only other evidence submitted in opposition to the motion consisted of hearsay which was insufficient to rebut the defendant's showing of its prima facie entitlement to judgment as a matter of law (see Rodriguez v Sit, 169 AD3d 406; Rodriguez v Sixth President, Inc., 4 AD3d 406, 407; Narvaez v NYRAC, 290 AD2d 400).
Accordingly, we agree with the Supreme Court's determination to grant Froehlich's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court