Davis v Angioletti (2023 NY Slip Op 02060)

Davis v Angioletti

2023 NY Slip Op 02060

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 162279/14 Appeal No. 71 Case No. 2022-02709 

[*1]Jonathan N. Davis, Plaintiff-Respondent,
v
Augusto Angioletti et al., Defendants, 88 Greenwich Owner LLC, et al., Defendants-Appellants. [And Other Actions]

Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for appellants.
Weitz & Luxenberg, P.C., New York (Elizabeth Luxenberg of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered May 25, 2022, which, to the extent appealed from, denied defendants Black Diamond, LLC and 88 Greenwich Owner LLC's (collectively defendants) motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
Plaintiff alleges that defendants were responsible for installation of a dangerous and defective loft ladder in the condominium unit that plaintiff rented from the current owner, defendant Augusto Angioletti. Defendants, who are former owners of the subject property, failed to demonstrate their prima facie entitlement to summary judgment dismissing plaintiff's claims against them. Although former owners generally are not liable for dangerous conditions on the property (Bittrolff v Ho's Dev. Corp., 77 NY2d 896, 898 [1991]), a narrow exception permits liability to be imposed when the former owner "affirmatively created the dangerous condition" (Marrero v Marsico, 218 AD2d 226, 229 [3d Dept 1996]; see Scheffield v Vestal Parkway Plaza, LLC, 139 AD3d 1161, 1163 [3d Dept 2016]).
Defendants failed to show that they were not responsible for the design, construction and installation of the defective loft ladder, and therefore they may be held liable for their roles in the conversion and renovation projects on the building if they affirmatively caused the alleged defect (see Marrero, 218 AD2d at 229). That Black Diamond sold the property to 88 Greenwich about nine years before the accident, and 88 Greenwich then sold the property to Angioletti approximately five years before plaintiff fell, does not insulate defendants from liability that may be imposed for creating the alleged dangerous condition as a result of the construction work they performed on the property (see Scheffield, 139 AD3d at 1163; Middleton v Dovale, 4 AD3d 345, 346 [2d Dept 2004]). Defendants' contention that they cannot be held liable for the accident because the construction work at the building was performed by independent contractors is unavailing, as the minimal evidence they offered failed to establish prima facie that they did not design, construct or install the loft ladder in the apartment during the course of their building-wide projects or that the ladder conformed to the applicable standards (see Fizzinoglia v Town of Austerlitz, 94 AD3d 1381, 1383 [3d Dept 2012]).
Given defendants' failure to establish prima facie that they did not affirmatively create the defective condition, the court correctly denied their motion for summary judgment regardless of the sufficiency of plaintiff's opposing papers (see Cuevas v City of New York, 32 AD3d 372, 373 [1st Dept 2006]; Phillips v Seril, 209 AD2d 496 [2d Dept 1994]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023