■ PAUL BETANCOURT et al., Respondents, v CITY OF NEW YORK, Appellant, and R.S. & K.P. SERVICE STATION, INC., Respondent. [599 NYS2d 615] —In an action to recover damages for trespass, in which the plaintiffs seek injunctive relief, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated April 26, 1991, as granted that branch of the plaintiffs' motion which was for a preliminary injunction to the extent of directing that the City be enjoined from allowing any water to escape from its property onto the plaintiffs' property during the pendency of this action.

Order that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiffs, and that branch of the plaintiffs' motion which was for a preliminary injunction is denied.

The defendant City of New York owned a vacant lot in Queens which abutted the residential properties of the plaintiffs. The City conducted a lease auction for the right to lease a portion of the lot and a bid was accepted. Prior to the execution of the lease, the bidder entered into a license agreement to clear the garbage off of the lot and fence it in.

Thereafter, the plaintiffs alleged that water runoff from the lot damaged their properties. The plaintiffs commenced two lawsuits and, *inter alia,* moved for a preliminary injunction enjoining the City and the bidder from conducting any further work on the lot and from allowing any water to escape from the lot onto the plaintiffs' properties.

The Supreme Court issued the requested relief to the extent of enjoining the City, during the pendency of the action, from allowing any water to escape from its property onto the plaintiffs' property. We now reverse.

To prevail on an application for preliminary injunctive relief, the moving party, in this case the plaintiffs, must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position *(see, County of Orange v Lockey,* 111 AD2d 896, 897).

It is well settled that a landowner will not be held liable for damages to abutting property for the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use and that the water was not drained onto the other property by means of pipes or ditches *(see, Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 588). Because the plaintiffs did not allege that the water runoff was caused through artificial means such as pipes or ditches and the plaintiffs did not allege that the damage occurred due to the bad faith of the City, they have not met their burden of establishing a likelihood of success on the merits. Furthermore, the plaintiffs have not demonstrated that they will suffer irreparable injury should injunctive relief be denied *(see, Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589, 593).

The plaintiffs' remaining contentions are raised for the first time on appeal, and, in any event, are meritless. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.