■ DAIRY BARN STORES, INC., Appellant, v BILL'S FRIENDLY AUTO SERVICE, INC., et al., Respondents. [654 NYS2d 660] —In an action, *inter alia,* to recover damages for breach of contract and tortious interference with contract, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Suffolk County (Lama, J.), dated March 31, 1995, as granted the motion of the defendant Bill's Friendly Auto Service, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied those branches of its motion which were for leave to serve an amended complaint and for a preliminary injunction, (2) an order of the same court, dated August 7, 1995, as denied its motion for leave to renew and/or reargue stated portions of the order dated March 31, 1995, and (3) an order of the same court, dated June 4, 1996, as, upon renewal and reargument, adhered to stated portions of the determination made in the order dated March 31, 1995.

Ordered that the appeals from the orders dated March 31, 1995, and August 7, 1995, are dismissed, without costs or

disbursements, as those orders were superseded by the order dated June 4, 1996, made upon renewal and reargument; and it is further,

Ordered that the order dated June 4, 1996, is modified, on the law, by deleting the provision thereof adhering to so much of the determination made in the order dated March 31, 1995, as granted the motion of the defendant Bill's Friendly Auto Service, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision adhering to so much of the determination made in the order dated March 31, 1995, as granted those branches of the motion which were for summary judgment dismissing the second and third causes of action in the complaint insofar as asserted against the defendant Bill's Friendly Auto Service, Inc.; as so modified, the order dated June 4, 1996, is affirmed insofar as appealed from, without costs or disbursements.

We conclude that the court erred in granting that branch of the motion of the defendant Bill's Friendly Auto Service, Inc. (hereinafter Bill's Auto Service), which was for summary judgment dismissing the plaintiff's first cause of action in the complaint. The plaintiff's first cause of action, alleging a breach of paragraph 3 of a sublease executed between the plaintiff and the predecessor in interest to Bill's Auto Service, establishes a prima facie claim for breach of contract. Any ambiguity in the language of the sublease presents an issue of fact to be resolved by the factfinder and precludes summary judgment upon this cause of action (*see, e.g., Leon v Lukash,* 121 AD2d 693, 694).

We concur, however, in the court's denial of that branch of the plaintiff's motion which was for a preliminary injunction. Upon the expiration of the terms of the lease and sublease, the plaintiff retained no rights in the underlying real property. Accordingly, injunctive relief was inappropriate given that, among other things, the plaintiff had an adequate remedy at law (*see, e.g., Kay v Kay,* 223 AD2d 684, 685; *see also,* CPLR 6301).

Furthermore, we perceive no improvident exercise of the court's discretion in denying that branch of the plaintiff's motion which was for leave to amend its complaint as the proposed amendment lacked merit (*see, McKiernan v McKiernan,* 207 AD2d 825). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.