■ JOHN LANGDON, Appellant, v TOWN OF WEBSTER et al., Respondents, et al., Defendants. [661 NYS2d 564] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motions of the Town of Webster and Charles Costich, P.E., L.S., P. C., and the cross motion of Visca Builders, Inc., for summary judgment dismissing the complaint. It is well established that a landowner is not liable for damages to abutting property for the flow of surface water resulting from improvements to his or her land so long as "the improvements are made in good faith to fit the property to some rational use to which it is adapted, and * * * the water is not drained into the other property by means of pipes or ditches" (Kossoff v Rathgeb-Walsh, Inc., 3 NY2d 583, 589-590; see, Osgood v Bucking-Reddy, 202 AD2d 920, 921). "Thus, a plaintiff seeking to recover must establish that the improvements on the defendant's land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property" (Cottrell v Hermon, 170 AD2d 910, 911, lv denied 78 NY2d 853).

Here, defendants established their entitlement to summary judgment, and plaintiff failed to raise a factual issue whether

artificial means were used to effect a surface water diversion or whether defendants constructed the subdivision abutting plaintiff's property in good faith. In addition, with respect to the alleged negligent exercise of a governmental function, plaintiff failed to raise an issue of fact whether defendant municipality owed him a special duty in contrast to a general duty owed to the public (see, Marino v Dwyer-Berry Constr. Corp., 146 AD2d 748, 750) or whether defendant municipality committed an affirmative act that caused or set in motion "a chain of events leading to the injury" (Goldstein v County of Monroe, 77 AD2d 232, 235). Thus, we conclude that defendant municipality is not liable to plaintiff. Finally, plaintiff failed to raise an issue of fact whether the intermittent flooding on his property was the result of a public improvement (see, 26 Am Jur 2d, Eminent Domain, § 208, at 629) or whether there was a permanent invasion of his property (see, 26 Am Jur 2d, id., § 165, at 588-589). Thus, defendant municipality is not liable for inverse condemnation. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.