■ Andrew Iglesias et al., Appellants, v Bernard W. Dazi et al., Respondents, et al., Defendants. [677 NYS2d 158] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated August 15, 1997, as granted the separate motions of the defendants Bernard W. Dazi and

Patricia M. Dazi, and James L. Curcuruto and Emmy Curcuruto for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In this action arising from the purchase of certain residential property, the plaintiffs claim that, as a result of damage to a series of underground pipes which ran from their neighbors' property and traversed their back yard, their septic system failed, resulting in water damage.

In addition to alleging active and constructive fraud and misrepresentation on the part of the sellers, the defendants Bernard W. Dazi and Patricia M. Dazi, for concealing the condition of the drain pipes, the plaintiffs also alleged that their adjacent neighbors, the defendants James L. Curcuruto and Emmy Curcuruto, are liable in continuing negligence, nuisance, and trespass for the surface water conditions and drainage problems on their property.

There is no basis to find active fraud or misrepresentation on the part of the sellers, the Dazis. At their examination before trial, neither plaintiff testified that he or she had had any discussions about water or drainage problems other than those in connection with a spring located in the rear yard. Moreover, the plaintiffs did not rely upon any other statements made by the Dazis. As no misrepresentation of material fact was ever relied on in this case, based upon the plaintiffs' own admissions, there can be no finding of fraud (see, Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403).

Further, in addition to the absence of a fiduciary or confidential relationship with the plaintiffs, the Dazis possessed no information regarding the drainage condition which was so peculiarly within their knowledge that they had a duty to disclose those facts to the plaintiffs, especially since there was no proof that the Dazis had any prior problems with the concealed septic system. Thus, the Dazis are not liable to the plaintiffs on a constructive fraud theory (see, Brown v Lockwood, 76 AD2d 721; Chun Hye Kang-Kim v Feldman, 121 AD2d 590).

As the Curcurutos did not design, install, or maintain the defective underground pipes that ran from their property across the plaintiffs' property, they cannot be held liable in continuing negligence for the plaintiffs' damage (see, Fetter v DeCamp, 195 AD2d 771; Pasqualoni v Wanderman, 28 AD2d 899). Further, the Curcurutos cannot be held liable to the plaintiffs for damages for nuisance or trespass. The plaintiffs have not established that the Curcurutos intentionally used

pumps and sandbags or other artificial means to directly channel surface waters from their property onto the plaintiffs' property such that the quantity and speed of the surface water flow was substantially increased, causing the damage to the plaintiffs' property (*see, Loggia v Grobe,* 128 Misc 2d 973; *Drive-In Realty Corp. v Lewis,* 28 Misc 2d 237) or that the efforts of the Curcurutos to protect their property from flooding, caused by the plaintiffs' own disruption to the drainage system, were not in good faith (*see, Archambault v Knost,* 132 AD2d 909). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.