■ MARYANN M. CONDELLO, Respondent, v TOWN OF IRONDEQUOIT et al., Appellants. [693 NYS2d 775] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action alleging that her residence was damaged as a result of water allegedly flowing onto her property from Densmore Park, which adjoins her property. The park is owned by defendant East Irondequoit Central School District and maintained by defendant Town of Irondequoit. The complaint alleges causes

of action in negligence, trespass and nuisance and seeks money damages and injunctive relief.

Supreme Court erred in denying defendants' motion insofar as it sought to dismiss the first cause of action as time-barred. In that cause of action, plaintiff seeks money damages caused by the negligence of defendants in grading the park and removing trees, causing the water to pool in the northwest section of the park and flow through plaintiff's land. Defendants established that they did not grade the land in the park after 1979 and that no trees were removed after 1989. Consequently, the action was not commenced within one year and 90 days "after the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1] [c]; *see, Klein v City of Yonkers,* 53 NY2d 1011, 1012; *Nebbia v County of Monroe,* 92 AD2d 724, 725, *lv denied* 59 NY2d 603; *see also, Johnson v Marianetti,* 202 AD2d 970).

The court properly denied defendants' motion insofar as it sought dismissal of the second and third causes of action as time-barred. Those causes of action allege continuing trespass and nuisance and seek equitable relief and incidental money damages. The time constraints of General Municipal Law § 50-i do not apply to actions seeking equitable relief (*see, Baumler v Town of Newstead,* 198 AD2d 777; *Dutcher v Town of Shandaken,* 97 AD2d 922, 923; *see also, Jensen v General Elec. Co.,* 82 NY2d 77, 89-91).

Nevertheless, the court erred in denying defendants' motion insofar as it sought summary judgment dismissing the second and third causes of action. An adjoining landowner "is not liable for damages to abutting property for the flow of surface water resulting from improvements to his or her land so long as 'the improvements are made in good faith to fit the property to some rational use to which it is adapted, and * * * the water is not drained into the other property by means of pipes or ditches' " (*Langdon v Town of Webster,* 238 AD2d 888, *lv denied* 90 NY2d 806, quoting *Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 589-590; *see also, Musumeci v State of New York,* 43 AD2d 288, 292, *lv denied* 34 NY2d 517). Defendants established that the water was not drained onto plaintiff's property by artificial means and that the improvements made to the park, i.e., the development of soccer fields and removal of dead trees, were made in good faith to enhance the usefulness of the property, and plaintiff failed to raise a triable issue of fact (*see, Langdon v Town of Webster, supra,* at 888-889). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.