■ RICHARD C. HIGGINS et al., Respondents-Appellants, v VILLAGE OF ORCHARD PARK, Appellant-Respondent. [716 NYS2d 845] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in denying defendant's cross motion to the extent that it sought dismissal of the causes of action sounding in negligence and breach of contract as time-barred. Those causes of action stem from defendant's April 1995 installation of a drainage line across plaintiffs' property, and this action was not commenced until June 1998 (*see,* CPLR 9801, 9802; General Municipal Law § 50-i [1] [c]; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43; *Condello v Town of Irondequoit,* 262 AD2d 940, 941). We therefore

modify the order by granting defendant's cross motion in part and dismissing the third and fourth causes of action and so much of the fifth cause of action as alleges breach of contract. The court properly denied defendant's cross motion, however, to the extent that it sought dismissal of the remaining causes of action, alleging continuing trespass and nuisance, based on the alleged failure of plaintiffs to state in the complaint that they had complied with CPLR 9801 and 9802. The complaint sufficiently alleges the facts necessary to demonstrate compliance with those sections (*see, Doran v Town of Cheektowaga*, 54 AD2d 178, 182).

The court also erred in denying that part of plaintiffs' motion seeking summary judgment on the private nuisance cause of action. We reject the contentions of defendant that plaintiffs failed to meet their initial burden of demonstrating that defendant knew that flooding would result from the installation of the drainage line and that its installation of the drainage line was unreasonable. Two of the five necessary elements of a private nuisance are an interference that is "intentional in origin * * * [and] unreasonable in character" (*Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570, *rearg denied* 42 NY2d 1102). " 'An invasion of another's interest in the use and enjoyment of land is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from his conduct' " (*Copart Indus. v Consolidated Edison Co., supra*, at 571, quoting Restatement of Torts § 825).

A municipality may not "collect the surface water from its lands and streets into an artificial channel, and discharge it upon the lands of another" (*Noonan v City of Albany*, 79 NY 470, 476). In order to alleviate flooding caused by defendant's discharge of water onto the southeast corner of plaintiffs' property, defendant entered into an agreement with plaintiffs to install a drainage line through plaintiffs' property to a natural drainage ditch on adjoining property. When the adjoining property owner objected, however, defendant stopped the line within plaintiffs' property and installed a drainage grate. Plaintiffs established as a matter of law that, once the drainage line was installed, defendant knew that flooding had resulted. Also contrary to defendant's contention, plaintiffs established as a matter of law that it was unreasonable for defendant to create a drainage line that merely moved water from one portion of plaintiffs' property to another (*cf., Condello v Town of Irondequoit, supra*, at 941). The court further erred under the circumstances of this case in denying that part of

plaintiffs' motion seeking an injunction enjoining defendant from continuing to discharge surface water onto plaintiffs' property. We note that plaintiffs did not seek summary judgment on the trespass causes of action.

Finally, the court erred in denying that part of plaintiffs' motion seeking leave to amend the complaint to add the proposed sixth cause of action to the extent that the proposed cause of action states a cause of action for inverse condemnation or a de facto taking (*see, Town of Orangetown v Magee*, 88 NY2d 41, 49-50; *Matter of Ward v Bennett*, 214 AD2d 741, 743-744; *see generally*, CPLR 3025 [b]). The proposed ninth cause of action alleges that the denial of a building permit by defendant's building inspector was arbitrary and capricious. The proper remedy to challenge the building inspector's action is by a CPLR article 78 proceeding. We therefore convert the proposed ninth cause of action to a CPLR article 78 proceeding with leave to plaintiffs to amend and serve a petition in place of the proposed ninth cause of action within 20 days of service of a copy of the order of this Court with notice of entry (*see*, CPLR 103 [c]; *Advanced Refractory Technologies v Power Auth.*, 171 AD2d 1031, *lv denied and dismissed* 78 NY2d 949). The court properly denied that part of plaintiffs' motion seeking to amend the complaint to assert causes of action for violation of plaintiffs' Equal Protection rights, abuse of process, and prima facie tort. Those proposed causes of action either lack merit or are insufficiently pleaded.

We therefore further modify the order by granting that part of plaintiffs' motion seeking summary judgment on the private nuisance cause of action and an injunction, and we remit the matter to Supreme Court to grant an injunction enjoining defendant from continuing to discharge surface water onto plaintiffs' property. We further modify the order by granting that part of plaintiffs' motion seeking leave to amend the complaint to add the proposed sixth cause of action to the extent that the proposed cause of action states a cause of action for inverse condemnation or a de facto taking and by converting the proposed ninth cause of action to a CPLR article 78 proceeding with leave to plaintiffs to amend and serve a petition in place of the proposed ninth cause of action within 20 days of service of a copy of the order of this Court with notice of entry. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.