■ BERNARD P. GOLLOMP, Appellant, v ERIC DUBBS et al., Respondents, et al., Defendant. [725 NYS2d 219] —In an action, *inter alia,* to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated January 13, 2000, which granted the motion of the defendants Eric Dubbs and Michelle Dubbs for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (*see, Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 589-590; *Langdon v Town of Webster,* 238 AD2d 888; *Betancourt v City of New York,* 194 AD2d 759, 760). It is the plaintiff's burden to establish that the improvements on the defendants' land caused the surface water to be diverted, that damages resulted, and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendants' property (*see, Langdon v Town of Webster, supra; Cottrell v Hermon,* 170 AD2d 910, 911).

The defendants Eric Dubbs and Michelle Dubbs (hereinafter the Dubbs) made a prima facie showing of entitlement to summary judgment, and the plaintiff failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from the Dubbs' property onto his property, or whether the improvements to their property were made in good faith. Accordingly, the Dubbs were entitled to summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contentions are without merit. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.