■ ADAM Z. RICE, Respondent, v PENGUIN PUTNAM, INC., Appellant. [734 NYS2d 98] —In an action, *inter alia*, to recover damages for violation of General Business Law § 349, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 13, 2001, which denied its motion to dismiss the complaint and granted the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The late William J. Caunitz was a retired New York City police detective and the bestselling author of six novels. At the time of his death in 1996, Caunitz was in the midst of writing his seventh novel, a police thriller entitled *Chains of Command*. After Caunitz died, his publisher, the defendant Penguin Putnam, Inc., commissioned a lesser-known author, Christopher Newman, to complete the book. When *Chains of Command* was published in 1999, the front and back cover of the book prominently announced that it had been written by the New York Times bestselling author William J. Caunitz. An acknowledgment that Newman had written approximately one-half of the novel appeared on the inside copyright page.

The plaintiff Adam Z. Rice subsequently commenced this proposed class action on behalf of himself and all other purchasers of *Chains of Command*, alleging, *inter alia*, that the defendant had engaged in consumer fraud by misleading the public that William J. Caunitz was the sole author of the novel. The plaintiff asserted that he and the members of the proposed class would not have purchased the novel had they known the true facts about its authorship. The defendant moved to dismiss the complaint on the ground that the plaintiff and the proposed class members had not suffered any cognizable injury. The plaintiff countered by cross-moving for leave to serve an amended complaint. The proposed amended complaint alleged that the plaintiff and the members of the proposed class were injured because the defendant was able to charge a higher price for *Chains of Command* by creating a false impression that it was entirely written by a famous author, and that they would have paid a lower price for the book had Newman's authorship been disclosed. In opposition to the cross motion, the defendant submitted evidence that it priced its hardcover books based on production costs and the genre of the work, and that the fame of the author played no

role in determining the sales price. The Supreme Court denied the defendant's motion to dismiss the complaint and granted the plaintiff's cross motion for leave to serve an amended complaint, concluding that the purchaser of a book who has been misled as to the identity of the author had suffered an injury which would support a consumer fraud claim.

On appeal, the defendant contends that the Supreme Court should have granted its motion to dismiss the original complaint because it did not adequately allege that the plaintiff and the proposed class members had suffered actual injury as a result of its allegedly deceptive marketing of the novel. We agree. In *Small v Lorillard Tobacco Co.* (94 NY2d 43), the Court of Appeals concluded that the plaintiffs who alleged that they would not have purchased cigarettes if they had known that nicotine was addictive had not suffered a legally cognizable injury, and thus could not recover reimbursement for the cost of the cigarettes. In reaching this conclusion, the Court of Appeals stated that the "plaintiffs do not allege that the cost of cigarettes was affected by the alleged misrepresentation, nor do they seek recovery for injury to their health as a result of their ensuing addiction * * * [p]laintiffs' cause of action * * * thus sets forth deception as both act and injury." (*Supra*, at 56.) Here, the plaintiff's original complaint sought reimbursement of the purchase price of *Chains of Command* on the ground that he and the proposed class members would not have purchased the novel had they known that it was partially written by Newman. Since this does not constitute a legally cognizable injury under the rationale *of Small v Lorillard Tobacco Co.* (*supra*), the Supreme Court should have granted the defendant's motion to dismiss the complaint.

Furthermore, the Supreme Court erred in granting the plaintiff's cross motion for leave to serve an amended complaint. Although the proposed amended complaint sets forth a facially-viable theory of injury (*see, Small v Lorillard Tobacco Co., supra*, at 56), the plaintiff failed to demonstrate "good ground" to support an amendment (CPLR 3211 [e]; *see, SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 330), or to make an evidentiary showing that his proposed amendment has merit as required on a motion to amend a complaint pursuant to CPLR 3025 (b) (*see, Citarelli v American Ins. Co.,* 282 AD2d 494; *Clark v Foley,* 240 AD2d 458; *Heckler Elec. Co. v Matrix Exhibits-N. Y.,* 278 AD2d 279; *Morgan v Prospect Park Assocs. Holdings,* 251 AD2d 306). S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.