◼ ROLAND TATZEL et al., Appellants, v EVAN KAPLAN, Respondent. [738 NYS2d 863] —In an action, inter alia, to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated March 2,

2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that a landowner will not be held liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes or ditches (*see, Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 589-590; *Gollomp v Dubbs,* 283 AD2d 550, *lv denied* 96 NY2d 721; *Betancourt v City of New York,* 194 AD2d 759, 760).

The defendant made a prima facie showing of entitlement to summary judgment. The plaintiffs failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from the defendant's property onto their property, or whether the improvements to the defendant's property, a pool and landscaping, were made in good faith. Accordingly, the Supreme Court properly granted summary judgment to the defendant dismissing the complaint (*see, Gollomp v Dubbs, supra; Condello v Town of Irondequoit,* 262 AD2d 940; *Iglesias v Dazi,* 253 AD2d 515; *Betancourt v City of New York, supra*).

The plaintiffs cross-moved for leave to amend their complaint to add claims to recover punitive damages and damages for intentional infliction of emotional distress and loss of consortium based on the defendant's alleged diversion of surface water onto their property and his failure to take measures to remedy the problem. The Supreme Court properly denied the cross motion, as the proposed amendments are clearly lacking in merit (*see, Rice v Penguin Putnam,* 289 AD2d 318; *Citarelli v American Ins. Co.,* 282 AD2d 494; *Heckler Elec. Co. v Matrix Exhibits-N.Y.,* 278 AD2d 279). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.