TED SINGER et al., Appellants-Respondents, v MARTIN RISKIN et al., Respondents-Appellants, et al., Defendants. [756 NYS2d 902] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated January 11, 2002, as denied their motion for a preliminary injunction enjoining the defendants Martin Riskin and Grace Riskin from transferring, assigning, encumbering, selling, hypothecating, and foreclosing the so-called "Henry to Greenpoint" $150,000 note and mortgage, dated July 7, 1988, secured by the property known as 764 Nostrand Avenue, Brooklyn, and the so-called "Belinda to Winthrop" $140,000 note and mortgage, dated July 7, 1988, secured by the property known as 84 4th Avenue, Brooklyn, and vacated the temporary restraining order in connection therewith. The defendants Martin Riskin and Grace Riskin cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that to prevail on a motion for a prelimi-

nary injunction, the moving party must establish: (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the moving party's position (*see Bender Ins. Agency v Treiber Ins. Agency,* 283 AD2d 448, 449 [2001]). Since the plaintiffs have an adequate remedy in the form of damages to recover their profits, they failed to make a prima facie showing of irreparable injury absent the granting of preliminary injunctive relief (*see Dairy Barn Stores v Bill's Friendly Auto Serv.,* 236 AD2d 578, 579 [1997]; *Byrne Compressed Air Equip. Co. v Sperdini,* 123 AD2d 368, 369 [1986]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.