■ PATRICK MURRAY, Appellant, v JOSEPH J. CARROLL et al., Defendants, and AER LINGUS, Respondent. [774 NYS2d 411]—

In an action, inter alia, for a permanent injunction enjoining the defendants from terminating a contract to handle baggage at a certain airport terminal, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Schmidt, J.), dated September 9, 2002, which granted the motion of the defendant Aer Lingus for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for leave to amend and/or supplement the complaint and (2) an order of the same court dated March 10, 2003, which denied his motion, in effect, for leave to reargue the prior motion and cross motion.

Ordered that the appeal from the order dated March 10, 2003, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated September 9, 2002, is affirmed; it is further,

Ordered one bill of costs is awarded to the respondent.

In support of its motion for summary judgment, the defendant Aer Lingus demonstrated its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it seeking permanent injunctive relief and imposition of a constructive trust. In opposition, the plaintiff failed to raise a triable issue of fact either that he did not have an adequate remedy at law (*see Roushia v Harvey,* 260 AD2d 687, 688 [1999]; *Dairy Barn Stores v Bill's Friendly Auto Serv.,* 236 AD2d 578, 579 [1997]; *Byrne Compressed Air Equip. Co. v Sperdini,* 123 AD2d 368, 369 [1986]) or that there existed a confidential or fiduciary relationship between the parties and that Aer Lingus made a promise upon which he relied (*see Sharp v Kosmalski,* 40 NY2d 119 [1976]; *cf. Simonds v Simonds,* 45 NY2d 233, 241-242 [1978]). Thus, the motion of Aer Lingus for summary judgment was properly granted.

The plaintiff's cross motion for leave to amend and/or supplement the complaint to add causes of action alleging fraud and tortious interference with fiduciary duty and to add an officer of Aer Lingus as a defendant was properly denied for lack of merit (*see Arnold v Siegel,* 296 AD2d 363, 364 [2002]; *Tatzel v Kaplan,* 292 AD2d 440, 441 [2002]; *Rice v Penguin Putnam,* 289 AD2d 318, 319 [2001]). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.