■ CONGREGATION B'NAI JEHUDA, Respondent, v HIYEE REALTY CORP. et al., Appellants. [827 NYS2d 42]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered October 5, 2004, which, in an action for property damage sounding in negligence, trespass and nuisance, upon reargument of a prior order, same court and Justice, entered April 1, 2004, granting plaintiff's motion for summary judgment on the issue of liability, modified the prior order to the extent of

limiting plaintiff's damage claims to the three-year period prior to the commencement of the action, unanimously modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed, without costs. Appeal from the order of April 1, 2004, unanimously dismissed, without costs, as superseded by the appeal from the order of October 5, 2004.

Summary judgment is not warranted on any of plaintiff's causes of action; questions of fact are presented on the negligence claim, and as to plaintiff's claims for nuisance and trespass, plaintiff fails to establish a prima facie right to relief.

The expert's affidavit submitted by defendants is sufficient to create a triable issue of fact with respect to the cause of action for negligence based upon plaintiff's water problem, even though the expert makes no specific reference to the drains and pipes cited by plaintiff's expert (*Santiago v Brandeis*, 309 AD2d 621 [2003]). While not as detailed as plaintiff's submission, the affidavit clearly states that the expert inspected defendants' property and found no conditions that could result in damage to plaintiff's property, other than normal water penetration. He asserts, contrary to plaintiff's expert, that the water penetration emanated from ground water in the rear of plaintiff's own premises, not from defendants' premises, and that it was the natural result of precipitation, given that plaintiff's building was old and not properly waterproofed. He further asserts that there is nothing improper about the pitch of defendants' property, and that he saw no defective or improper maintenance which could affect plaintiff's property.

A claim for trespass requires an affirmative act constituting or resulting in an intentional intrusion upon plaintiff's property (*see Stage Club Corp. v West Realty Co.*, 212 AD2d 458, 460 [1995]). Similarly, a claim for nuisance requires an intentional interference with the right to use and enjoy property (*see Weinberg v Lombardi*, 217 AD2d 579 [1995]). Plaintiff fails to establish any affirmative act on defendants' part constituting such an intentional intrusion.

It is well settled that a landowner is not liable for damage to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes or ditches (*see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *Gollomp v Dubbs*, 283 AD2d 550 [2001], *lv denied* 96 NY2d 721 [2001]; *Iglesias v Dazi*, 253 AD2d 515 [1998]). The court's finding that "waters are being artificially diverted onto [plaintiff's] property

from pipes, leaders and gutters on the adjacent property" is not supported by the record. Indeed, plaintiff's own expert reports that all rain water is drained onto *defendants'* property, and is not diverted onto plaintiff's property by the use of pipes or other artificial means. Where seepage occurs as a result of the natural grade of property, in the absence of any claim that such grade was created for the express purpose of diverting water onto another's property, there can be no nuisance or trespass liability therefor (*see Mount Zion Ministries Church, Inc. v Hines Color, Inc.*, 19 AD3d 1060 [2005], *lv denied* 5 NY3d 711 [2005]).

The motion court properly held that defendants' negligence, if any, in failing to repair their drainage system constitutes a continuing wrong that gives rise to a new cause of action for each injury that occurred within the three-year negligence statute of limitations (*see Lichter v 349 Amsterdam Ave. Corp.*, 8 AD3d 212 [2004], *lv dismissed* 3 NY3d 738 [2004]; *1050 Tenants Corp. v Lapidus*, 289 AD2d 145, 146-147 [2001]). The statute of limitations defense is not precluded by defendants' failure to timely raise it (*see Armstrong v Peat, Marwick, Mitchell & Co.*, 150 AD2d 189 [1989]). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.