■ Marion T. Hulse, Appellant, v Jose Simoes, Respondent. [899 NYS2d 268]—

In an action to recover for damage to property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered January 13, 2009, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (see Kossoff v Rathgeb-Walsh, 3 NY2d 583, 589-590 [1958]). It is the plaintiff's burden to establish that the improvements on the defendant's land caused the surface water to be diverted, that damages resulted, and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property.

The defendant made a prima facie showing of entitlement to summary judgment (see Baker v City of Plattsburgh, 46 AD3d 1075 [2007]; Tatzel v Kaplan, 292 AD2d 440 [2002]; Gollomp v Dubbs, 283 AD2d 550 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from the defendant's property onto her property, or as to whether the improvements to the defendant's property were made in good faith (see Baker v City of Plattsburgh, 46 AD3d 1075 [2007]; Tatzel v Kaplan, 292 AD2d 440 [2002]; Gollomp v Dubbs, 283 AD2d 550 [2001]). Accordingly, the defendant was entitled to summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Mastro, J.P., Skelos, Eng and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30071(U).]**