■ Charles Moone et al., Respondents, v Timothy Walsh et al., Appellants. [898 NYS2d 472]—

In an action, inter alia, to recover damages for trespass and creation of a private nuisance, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 6, 2009, as denied those branches of their motion which were for summary judgment dismissing the third and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (*see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *Tatzel v Kaplan*, 292 AD2d 440 [2002]; *see generally* ECL 15-0701). It is the plaintiffs' burden to establish that the improvements on the defendants' land caused the surface water to be diverted, that damages resulted, and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendants' property (*see Gollomp v Dubbs*, 283 AD2d 550 [2001]).

Here, although the defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the third and fourth causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), the plaintiffs raised triable issues of fact in opposition by adducing evidence that a drainage pipe on the defendants' property cast water onto the plaintiffs' property (*cf. Kossoff v Rathgeb-Walsh*, 3 NY2d 583 [1958]; *Baker v City of Plattsburgh*, 46 AD3d 1075 [2007]; *Tatzel v Kaplan*, 292 AD2d 440 [2002]; *Gollomp v Dubbs*, 283 AD2d 550 [2001]). Moreover, the plaintiffs raised triable issues of fact as to whether the defendants' actions constituted a private nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564 [1977]). Accordingly, the Supreme Court properly denied those branches the defendants' motion which were for summary judgment dismissing the third and fourth causes of action.

The defendants' remaining contention is without merit.

Since the record reveals the existence of these triable issues of fact, we decline the plaintiffs' request to search the record and award summary judgment in their favor (*cf. Selter v MCM Distribs.*, 299 AD2d 332 [2002]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.