In an action, inter alia, to recover for damage to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 20, 2009, as granted those branches of the motion of the defendant Raymond Croniser which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
A landowner will not be liable for damages to an abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (see Kossoff v RathgebWalsh, 3 NY2d 583, 589-590 [1958]; Moone v Walsh, 72 AD3d 764 [2010]; Hulse v Simoes, 71 AD3d 1086 [2010]; Tatzel v Kap *1056 lan, 292 AD2d 440 [2002]). The plaintiff has the burden of establishing that the improvements on the defendant’s land caused the surface water to be diverted, that damages resulted, and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant’s property (see Moone v Walsh, 72 AD3d 764 [2010]; Hulse v Simoes, 71 AD3d 1086 [2010]; Gollomp v Dubbs, 283 AD2d 550 [2001]).
Here, the defendant Raymond Croniser made a prima facie showing of entitlement to judgment as a matter of law dismissing the first, second, and fourth causes of action insofar as asserted against him (see Hulse v Simoes, 71 AD3d 1086 [2010]; Tatzel v Kaplan, 292 AD2d 440 [2002]; Gollomp v Dubbs, 283 AD2d 550 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from Croniser’s property onto their properties, or as to whether the improvements to Croniser’s property were made in good faith (see Hulse v Simoes, 71 AD3d 1086 [2010]; Tatzel v Kaplan, 292 AD2d 440 [2002]; Gollomp v Dubbs, 283 AD2d 550 [2001]). Accordingly, the Supreme Court properly granted those branches of Croniser’s motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against him. Mastro, J.P., Chambers, Roman and Sgroi, JJ., concur.