# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**411**
**CA 10-00843**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND GREEN, JJ.

---

HARRIET C. BOARDMAN, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

CHURCH OF THE TRANSFIGURATION,
DEFENDANT-RESPONDENT.
(APPEAL NO. 3.)

---

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR PLAINTIFF-APPELLANT.

CHARLES A. HALL, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David Michael Barry, J.), entered September 30, 2009. The judgment granted defendant costs and disbursements.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and second causes of action and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking injunctive relief and monetary damages based upon water damage to her property allegedly caused by the construction and expansion of defendant's building and parking lot. Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the third cause of action, for trespass. Defendant met its initial burden of establishing that it did not intend to cause water to enter onto plaintiff's property (*see Theofilatos v Koleci*, 105 AD2d 514), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The court erred, however, in granting those parts of the motion seeking summary judgment dismissing the first and second causes of action, for a permanent injunction and damages based on private nuisance, respectively. Defendant established its entitlement to judgment as a matter of law dismissing those causes of action (*see Langdon v Town of Webster*, 238 AD2d 888, *lv denied* 90 NY2d 806). Plaintiff, however, raised a triable issue of fact whether the drainage system installed by defendant in connection with the improvements to its property caused the diversion of surface water onto plaintiff's property (*cf. id.*). We therefore modify the judgment accordingly.

Entered: March 25, 2011                    Patricia L. Morgan
                                           Clerk of the Court