■ ANDREW BIAGLOW et al., Appellants, v ELITE PROPERTY HOLDINGS, LLC, et al., Respondents, et al., Defendant. [34 NYS3d 461]—

In an action for injunctive relief and to recover damages, inter alia, for trespass and nuisance, the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated September 5, 2014, which granted the motion of the defendants Elite Property Holdings, LLC, and Glenn Schaeffer

for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of motion of the defendants Elite Property Holdings, LLC, and Glenn Schaeffer which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to make the property fit for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (*see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *Krossber v Cherniss*, 125 AD3d 1274 [2015]; *Moone v Walsh*, 72 AD3d 764, 764 [2010]; *Long v Sage Estate Homeowners Assn., Inc.*, 16 AD3d 963 [2005]).

Here, the defendants Elite Property Holdings, LLC, and Glenn Schaeffer (hereinafter together the defendants) made a prima facie showing of entitlement to judgment as a matter of law dismissing the first, second, and third causes of action, which alleged trespass and nuisance based upon the diversion of water from the defendants' property onto the plaintiffs' properties (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). However, contrary to the Supreme Court's determination, the plaintiffs raised triable issues of fact in opposition by adducing evidence, inter alia, that a gutter downspout located on the defendants' property and a drainage pipe installed under the low point in the defendants' new driveway diverted rainwater runoff onto the plaintiffs' properties (*see Moone v Walsh*, 72 AD3d at 765). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, which alleged violations of various sections of the Village of Cornwall-on-Hudson's Stormwater, Drainage, Erosion, and Water Pollution Control Code. The plaintiffs may not recover for violations of those sections because they do not provide the

plaintiffs with a private right of action (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634 [1989]; *Heyman v Harooni*, 132 AD3d 950, 952 [2015]; *cf. Ader v Guzman*, 135 AD3d 671 [2016]). Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.