Raia v Town of Southampton (2019 NY Slip Op 06637)





Raia v Town of Southampton


2019 NY Slip Op 06637


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11785
 (Index No. 4602/10)

[*1]Joseph A. Raia, etc., respondent, 
v
Town of Southampton, appellant.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Felicia Gross of counsel), for appellant.
Tarbet & Lester, PLLC, East Hampton, NY (Rudolph Fusco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for nuisance and trespass, the defendant appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 11, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the second through fourth causes of action, except to the extent those causes of action were predicated on acts of nuisance and trespass alleged to have occurred more than three years prior to the commencement of the action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the second through fourth causes of action are granted.
The plaintiff commenced this action, inter alia, to recover damages for nuisance and trespass against the Town of Southampton, alleging that the Town's work on roads near the plaintiff's property had the effect of redirecting the flow of storm water runoff onto the plaintiff's property. The Town moved for summary judgment dismissing the complaint. In an order dated June 11, 2018, the Supreme Court, among other things, denied those branches of the Town's motion which were for summary judgment dismissing the second through fourth causes of action, alleging nuisance and trespass, except to the extent those causes of action were predicated on acts of nuisance and trespass alleged to have occurred more than three years prior to the commencement of the action. The Town appeals.
"A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to make the property fit for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches" (Biaglow v Elite Prop. Holdings, LLC, 140 AD3d 814, 815; see Kossoff v Rathgeb-Walsh, 3 NY2d 583; 6 Harbor Park Dr., LLC v Town of N. Hempstead, 159 AD3d 777, 779). Here, the Town established, prima facie, that it did not divert water by artificial means onto the plaintiff's property or make any improvements that were not in good faith (see Tully v City of Glen Cove, 102 AD3d 670, 671-672; Papadopoulos v Town of N. Hempstead, 84 AD3d 768, 769). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the Town's motion which were for summary judgment dismissing the second through fourth causes of action.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court