Ubiles v Ngardingabe (2021 NY Slip Op 02772)





Ubiles v Ngardingabe


2021 NY Slip Op 02772


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 151439/17 Appeal No. 13730-13730A Case No. 2020-01756 2020-01822 

[*1]Joseph Ubiles et al., Plaintiffs-Appellants,
v
Ndingara Ngardingabe et al., Defendants-Respondents.


Borah Goldstein Altschuler Nahins & Goidel, PC, New York (Paul N. Gruber of counsel), for appellants.
Fern Flomenhaft PLLC, New York (Fern Flomenhaft of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 31, 2019, which, to the extent appealed from, granted defendants' motion to dismiss the complaint as time-barred and denied plaintiffs' motion for a further inspection of the defendants' driveway as moot, unanimously affirmed, without costs. Order, same court and Justice, entered February 5, 2020, which to the extent appealed from as limited by the briefs, denied plaintiffs' motion to renew, unanimously affirmed, without costs.
Plaintiffs commenced this action in 2017 alleging that water runoff from defendants' abutting property caused water damage to their residence that was situated near the parties' common property line. In particular, plaintiffs alleged that defendants' expansion of the paved portion of their driveway that bordered plaintiffs' property increased the runoff onto their property. Plaintiffs alleged that defendants' driveway expansion, which occurred in April 2009, was negligently undertaken, and increased the runoff to their property. The negligence claim was properly dismissed as time-barred by the applicable three-year statute of limitations as there were no allegations to indicate any work was done on the driveway following April 2009, and evidence showed that plaintiffs were experiencing water problems at that time, and had submitted water damage claims to both their property insurer and defendants' property insurer thereafter (see generally CPLR 214[4]; Public Serv. Mut. Ins. Co. v 341-347 Broadway, LLC, 96 AD3d 473 [1st Dept 2012]).
Plaintiffs' claims for nuisance and trespass were also properly dismissed as they were predicated upon the same 2009 driveway-paving improvements, and plaintiffs' allegations were insufficient to indicate a continuing wrong. While claims for continuing trespass and nuisance generally give rise to successive causes of action that accrue each time a wrong is committed, where, as here, damages are claimed due to surface water flowing from one property to another, a plaintiff must show that improvements on defendant's land caused surface water to be diverted, that damages resulted, and that either the defendant diverted the surface water by artificial means, or the claimed improvements by a defendant to its land were not made in good faith so as to enhance the usefulness of such land (see generally Kehagias v Waldo Ave. Bldg, 132 AD3d 615 [1st Dept 2015]; Congregation B'nai Jehuda v Hiyee Realty Corp., 35 AD3d 311 [1st Dept 2006]; Mount Zion Ministries Church, Inc. v Hines Color, Inc., 19 AD3d 1060 [4th Dept 2005], lv denied 5 NY3d 711 [2005]). Here, there were no allegations to support a claim that defendants had diverted water by artificial means (see e.g. Kehagias, 132 AD3d 615), or that the improvements they made to their driveway in 2009 were other than in good faith. There were no allegations from plaintiffs, or proof from plaintiffs' experts (an engineer and architect), to indicate that the driveway was constructed [*2]with a deliberate pitch towards plaintiffs' property for the express purpose of diverting water onto plaintiffs' property (see Congregation B'Nai Jehuda, 35 AD3d at 312).
Plaintiffs' motion for renewal was properly denied where the newly proffered 2015 emails were previously available at the time plaintiffs' submitted their initial opposition to defendants' motion to dismiss, and the unexplained failure of plaintiffs' counsel to incorporate the emails into the opposition papers was not supported by a reasonable excuse (see Burgos v City of New York, 294 AD2d 177 [1st Dept 2002]). In any event, the content of the emails, wherein defendants acknowledged that storm drains would be warranted in light of the additional paved area of the driveway in April 2009, would not support a continuing wrong theory, as it could not be inferred from such evidence that defendants constructed the driveway such as to deliberately pitch water towards plaintiffs' property. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021